UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| JEFFREY CHARLES,<br><br>      Plaintiff,<br><br>v.<br><br>STATE OF MINNESOTA, et al.,<br><br>      Defendants. | Civil No. 12-2939 (MJD/TNL)<br><br>**REPORT AND RECOMMENDATION** |

The above-named Plaintiff, a state prison inmate, commenced this action by filing a complaint seeking relief for alleged violations of his federal constitutional rights. (Docket No. 1.) Because Plaintiff is a prisoner, his pleadings are subject to preliminary screening pursuant to 28 U.S.C. § 1915A. This Court previously reviewed Plaintiff's original complaint, as mandated by 28 U.S.C. § 1915A(a), and found it to be defective. Plaintiff was therefore ordered to file an amended complaint if he intended to continue to pursue this action. (Order dated December 19, 2012, [Docket No. 10].) Plaintiff was given a detailed list of pleading instructions and ordered to follow those instructions if he elected to replead.

Plaintiff subsequently filed an amended complaint (Docket No. 12), but did not comply with the Court's pleading instructions. Therefore, Plaintiff was directed to file a second amended complaint, and the Court attempted to clarify the pleading instructions he would have to follow. (See Order dated January 30, 2013, [Docket No. 15].) Plaintiff did not comply with those restated instructions, however, but instead filed a second amended complaint that he had already drafted before he received those instructions. (Docket No.

17.) Plaintiff's second amended complaint repeated the same defects found in his previous pleadings.

Despite Plaintiff's noncompliance with the first two orders directing him to replead, the Court afforded him an opportunity to file a third amended complaint. For Plaintiff's benefit, the Court reiterated the detailed explanation of what he needed to do to craft a viable complaint. (Order dated March 7, 2013, [Docket No. 24].) The Court also referred Plaintiff to the Federal Bar Association, so that he might have a chance to consult with a lawyer. (Docket No. 23.) Furthermore, on two occasions, the Court granted Plaintiff additional time to replead. (See Orders dated June 19, 2013, [Docket No. 34], and July 11, 2013, [Docket No. 36].) Considering the opportunities to replead and extensions, Plaintiff has now had more than six months to draft a new pleading, yet still has not filed a sufficient third amended complaint.

The Court has entered two separate orders in this case that explicitly instructed Plaintiff to file a third amended complaint meeting certain pleading requirements if he intends to continue to prosecute this action. (See Orders dated March 7, 2013, [Docket No. 24], and July 11, 2013, [Docket No. 36].) Both of those prior orders clearly informed Plaintiff that if he did not file a third amended complaint that complied with those requirements, it would be recommended that this action be summarily dismissed.

The Court recently received a letter from Plaintiff, stating that he has done all he can to prepare a proper pleading and requesting that the Court accept his prior pleadings. (Docket No. 37.) Plaintiff also states that he does not intend to file a third amended complaint. As this Court stated in its prior orders, Plaintiff's prior pleadings are deficient. Because Plaintiff has indicated that he does not intend to file a third amended complaint

satisfying the requirements previously outlined by this Court, the Court will now recommend, in accordance with the prior orders, that this action be summarily dismissed without prejudice.  See Henderson v. Renaissance Grand Hotel, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); cf. Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Having determined that this action should be summarily dismissed, the Court will further recommend that Plaintiff's various collateral motions in this case, (two pending IFP applications, [Docket Nos. 3 and 18], three motions for appointment of counsel, [Docket Nos. 13, 14 and 27], and a request for additional time to amend, [Docket No. 13], that was resolved long ago), be denied as moot.

## RECOMMENDATION

Based upon the above, and upon all the records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's applications to proceed in forma pauperis, (Docket Nos. 3 and 18), be **DENIED AS MOOT**;

2. Plaintiff's motions for appointment of counsel, (Docket Nos. 13, 14 and 27), be **DENIED AS MOOT**;

3. Plaintiff's pending motion for additional time to amend, (Docket No. 13), be

3

**DENIED AS MOOT**; and

4. This action be **DISMISSED WITHOUT PREJUDICE**.


Dated: August __6__, 2013

                             *s/ Tony N. Leung*
                             TONY N. LEUNG
                             United States Magistrate Judge


                             *Charles v. State of Minnesota et al.*
                             File No. 12-cv-2939 (MJD/TNL)


Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before **August 21, 2013**.